UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAHMIER A. EVERETT,

                    Plaintiff,

v.                                                                3:20-CV-1260
                                                                  (FJS/ML)
SHAWN DEAN, #3223, Investigator, New
York State Police; and RONALD LUSSI,
#2982, Supervisory Investigator, New
York State Police,

                    Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

JAHMIER A. EVERETT
  Plaintiff, *Pro Se*
Broome County Correctional Facility
155 Lt. Van Winkle Drive
P.O. Box 2047
Binghamton, New York 13902-2047

MIROSLAV LOVRIC, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

        The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an amended

application to proceed *in forma pauperis* (Dkt. No. 5) filed by Jahmier A. Everett ("Plaintiff") to

the Court for review.  For the reasons discussed below, I grant Plaintiff's amended *in forma*

*pauperis* application (Dkt. No. 5) and recommend that Plaintiff's Complaint (Dkt. No. 1) be (1)

accepted in part for filing, and (2) dismissed in part (a) without prejudice and with leave to

amend, and (b) with prejudice and without leave to amend.

# I.   BACKGROUND

On October 13, 2020, Plaintiff commenced this action by filing a verified Complaint and a motion to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2.)  On October 15, 2020, the Court denied Plaintiff's *in forma pauperis* application as incomplete and administratively closed the case. (Dkt. No. 4.)  On October 29, 2020, Plaintiff filed an amended *in forma pauperis* application. (Dkt. No. 5.)  As a result, on October 29, 2020, the case was reopened and restored to the Court's active docket.  (Dkt. No. 6.)

Construed as liberally[1] as possible, the Complaint alleges that Plaintiff's civil rights were violated by Shawn Dean and Ronald Lussi (collectively "Defendants"), who are employees of the New York State Police.  (*See generally* Dkt. No. 1.)  More specifically, Plaintiff alleges that on August 28, 2019, he was arrested and charged by Defendants with criminal sale of a controlled substance ("CSCS") in the third degree under New York Penal Law § 220.39(1), without a warrant or probable cause.  (*Id*.)  Plaintiff alleges that the only "evidence allegedly tying [him] to this drug sale was a telephone call with a confidential informant[, who] allegedly stat[ed that P]laintiff was the person spoken to and whom the drugs w[ere] purchased from." (*Id*.)

Plaintiff alleges that on March 19, 2020, the CSCS charge was dismissed on a motion made by the prosecutor because there was insufficient evidence against him.  (*Id*.)  Plaintiff alleges that he was "falsely arrested and unlawfully imprisoned [based on] a false drug sale that never occurred, only to further investigate a murder case allegedly tied to the [P]laintiff and co-

---

[1]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

conspirators.  Plaintiff is currently awaiting trial on this murder case."  (*Id*. at 4-5.)  Plaintiff alleges that he was incarcerated for approximately six and one-half months while Defendants attempted to connect him to a specific telephone number that was associated with a homicide in Tioga County, New York.  (*Id*.)  Plaintiff alleges that "without legal or lawful grounds for the arrest the [D]efendants . . . falsely charged and unlawfully imprisoned [P]laintiff, to help buy time to obtain a[n] indictment in said murder case."  (*Id*.)  Plaintiff alleges that Defendant Dean "testified under oath that Plaintiff utilized said phone in drug sale allegedly, that [was] tied to the murder case of which there is no proof."  (*Id*.)

Based upon the foregoing allegations, the Complaint asserts the following five claims: (1) a claim that Plaintiff was falsely arrested or unlawfully imprisoned in violation of the Fourth, Sixth[2], and Fourteenth[3] Amendments and 42 U.S.C. § 1983; (2) a claim that Plaintiff was maliciously prosecuted in violation of the Fourth Amendment and 42 U.S.C. § 1983; (3) a claim that Defendants fabricated evidence in violation of the Fourth Amendment and 42 U.S.C. § 1983; (4) a claim that Plaintiff's due process rights were violated, pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; and (5) a claim that Defendants harassed and defamed Plaintiff in violation of New York state common law.  (*See generally* Dkt. No. 1.)

---

[2]        Plaintiff cites to the Sixth Amendment in support of this claim.  (Dkt. No. 1, at 6.) However, Plaintiff does not appear to assert any allegations that support a claim pursuant to the Sixth Amendment, which provides for, *inter alia*, the right to a speedy trial, to be informed of the charges, to confront witnesses, and to have assistance of counsel.  The crux of Plaintiff's claim appears to be that he was confined for approximately six and one-half months without probable cause.  (Dkt. No. 1.)

[3]        Plaintiff's claims cite to a false arrest under the Fourteenth Amendment.  (Dkt. No. 1, at 6.)  "The Fourth Amendment is the constitutional source of protection against both false arrest and malicious prosecution."  *Edmond v. Reed*, 20-CV-1609, 2021 WL 82147, at *3 (N.D.N.Y. Jan. 11, 2021) (Baxter, M.J.) (citing *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005)).

As relief, Plaintiff seeks punitive damages in the amount of $5,000,000.00, and compensatory damages in the amount of $1,000,000.00.  (*Id.*)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

## II.   PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[4]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Cash*, 2010 WL 5185047, at *1 (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that Plaintiff has submitted a completed IFP application which has been certified by an appropriate official at his facility (Dkt. No. 5), and which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization required in the Northern District.  (Dkt. No. 3.)

Accordingly, Plaintiff's amended application to proceed with this action IFP is granted.

---

[4]     Section § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear from that review that Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

III.     **LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT**

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that — . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[5]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which

---

[5]     To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rule 8 "demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.*  Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

6

IV.     **ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that a response be required to Plaintiff's claims of false arrest and malicious prosecution against Defendants in their individual capacities.  I recommend that Plaintiff's claims of fabrication of evidence and defamation against Defendants in their individual capacities be dismissed with leave to amend.  In addition, I recommend that all of Plaintiff's claims against Defendants in their official capacities and Plaintiff's harassment claim against Defendants be dismissed with prejudice.

A.      **Claims Pursuant to 42 U.S.C. § 1983**

Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983.  "To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere."  *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  *Kisembo v. New York State Office of Children & Family Servs.*, 285 F. Supp. 3d 509, 518 (N.D.N.Y. 2018) (Hurd, J.) (quoting *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

7

### 1.      False Arrest

"A § 1983 claim for false arrest, which derives from an individual's right under the Fourth Amendment to be free from unreasonable seizures, including arrest without probable cause, *see, e.g., Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995), is substantially the same as a claim for false arrest under New York law." *Kates v. Greece Police Dep't*, 16-CV-6554, 2017 WL 11548970, at *3 (W.D.N.Y. Feb. 21, 2017) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991)).  "Under New York law, the elements of a false arrest and false imprisonment claim are: '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (per curium)).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's false arrest claim against Defendants in their individual capacities.

### 2.      Malicious Prosecution

To state a claim for malicious prosecution pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts plausibly suggesting the following four elements: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as motivation for

defendant's actions. *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 294 (N.D.N.Y. 2018) (Suddaby, C.J.) (citing *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 604 (E.D.N.Y. 2017))).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's malicious prosecution claim against Defendants in their individual capacities.

### 3. Fabrication of Evidence

"When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997) (citing *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir.1996)). To succeed on a § 1983 claim alleging a violation of the fair trial right, a plaintiff must prove that "an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Aguirre v. City of New York*, 15-CV-6043, 2017 WL 4236552, at *10 (E.D.N.Y. Sept. 22, 2017) (brackets omitted) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)).

Here, Plaintiff alleges that Defendant Dean is an investigator who "testified under oath that Plaintiff utilized said phone in drug sale allegedly, that tied to the murder case of which there is no proof." (Dkt. No. 1 at 5.) Plaintiff only alleges that there was "no proof" to support Defendant Dean's statement, and Plaintiff does not state whether Defendant Dean's statement

was in fact false or otherwise fabricated.  As a result, I recommend that Plaintiff's fabrication of evidence claim against Defendant Dean be dismissed for failure to state a claim.  *See Williams v. City of Syracuse*, 19-CV-0995, 2020 WL 6504630, at *2 (N.D.N.Y. Nov. 5, 2020) (Sharpe, J.) (dismissing the plaintiffs' fabrication of evidence claim because it contained "boilerplate allegations" and "provide[d] no factual context to support a fair trial claim."); *Bruno v. City of New York*, 17-CV-7552, 2019 WL 690340, at *11, n.9 (S.D.N.Y. Feb. 19, 2019) (fabrication of evidence claim dismissed where the plaintiff offered no evidence that the defendant police detective coerced or fabricated information); *Wright v. Orleans Cnty.*, 14-CV-0622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) ("[T]he failure to specify what constituted the allegedly falsified information is fatal to Plaintiff's fair trial claim."); *Waddlington v. City of New York*, 971 F. Supp. 2d 286, 297 (E.D.N.Y. 2013) (dismissing the plaintiff's fair trial claim and noting that the "[p]laintiff at no point alleges with specificity what false information [defendant police officers] created or forwarded to the D.A.'s Office.  And, although [p]laintiff alleges elsewhere in his memorandum that [the defendants] offered inconsistent testimony . . . [p]laintiff does not indicate whether he believes these alleged inconsistencies constitute evidence that the police officers falsified information."); *see also Longo v. Ortiz*, 15-CV-7716, 2016 WL 5376212, at *4 (S.D.N.Y. Sept. 26, 2016) (dismissing the plaintiff's fair trial claim and holding that where the plaintiff alleged that "'the defendants fabricated evidence, gave false testimony, and made false extrajudicial statements' . . . those allegations fail to state with the requisite specificity the evidence that was purportedly fabricated.").

Plaintiff has not alleged that Defendant Lussi fabricated any information that was used in the prosecution of the CSCS charge.  (*See generally* Dkt. No. 1.)  As a result, I recommend that

Plaintiff's fabrication of evidence claim against Defendant Lussi be dismissed for failure to state a claim.

### 4. Due Process Violations

The Fourteenth Amendment forbids the government from depriving a person of liberty without due process.  U.S. CONST. amend. XIV § 1.  "Due process requires, as a general matter, an opportunity to be heard at a meaningful time and in a meaningful way."  *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993).  The Fourteenth Amendment's due process clause contains both a procedural component and a substantive component. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

The procedural component applies where there is an alleged deprivation by government action of a constitutionally protected interest without sufficient procedural safeguards, such as notice and a hearing.  *Zinermon*, 494 U.S. at 125.  "Federal courts examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Francis v. Fiacco*, 942 F.3d 126, 141 (2d Cir. 2019) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Under the Fourteenth Amendment due process clause, "an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment."  *Calhoun*, 999 F.2d at 653. "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees."  *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citations omitted).

To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures.  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

Here, Plaintiff alleges that he was incarcerated for approximately six and one-half months without probable cause, related to a CSCS drug charge.  (Dkt. No. 1 at 5, 6.)  However, the Complaint does not allege facts plausibly suggesting that Plaintiff was "deprived of that liberty interest without the constitutionally required procedures."  More specifically, Plaintiff does not allege what procedural aspects related to his CSCS charge, if any, he is challenging, issues he may have had with the procedure, or failures by Defendants that led to a violation of his Fourteenth Amendment right to due process.  (Dkt No. 1); *see Albino v. City of Amsterdam Police*, 19-CV-1415, 2020 WL 7024388, at *4 (N.D.N.Y. Nov. 30, 2020) (Kahn, J.) (dismissing the plaintiff's due process claims "whether substantive or procedural" because the complaint "merely asserts a legal conclusion" and simply states that the plaintiff's "'[d]ue [p]rocess [r]ights as well as other [r]ights promised' by the Constitution have been violated.").

As a result, I recommend that Plaintiff's Fourteenth Amendment due process claims be dismissed for failure to state a claim.

**B.          Claims Against Defendants in Their Official Capacities**

After careful consideration, I recommend that all of Plaintiff's claims against Defendants in their official capacities be dismissed.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Regardless of the nature of the relief sought, in the absence of the

State's consent or waiver of immunity, a suit against the State or one of its agencies or

departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v.

Halderman*, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal

court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y.

2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)).

Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states.

*See Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in

his official capacity are treated as a claim against the municipality," and, thus, cannot stand

under the Eleventh Amendment. *Hines v. City of Albany*, 542 F. Supp. 2d 218, 227 (N.D.N.Y.

2008). Moreover, "the State of New York has not consented to be sued in federal court for, and

Congress has not validly abrogated state sovereign immunity from, 'claims arising under state

common law.'" *Morris v. New York State Police*, 268 F. Supp. 3d 342, 360 (N.D.N.Y. 2017)

(Hurd, J.) (citing *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 244 (E.D.N.Y. 2015)).

Here, Plaintiff seeks punitive damages in the amount of $5,000,000.00, and

compensatory damages in amount of $1,000,000.00. (Dkt. No. 1.) Plaintiff's claims against

Defendants in their official capacities for monetary damages are barred by the Eleventh

Amendment. Accordingly, I recommend that all claims for monetary damages against

Defendants in their official capacities be dismissed with prejudice and without leave to amend.

*Giles v. Fitzgerald*, 20-CV-0980, 2020 WL 6287459, at *10-11 (N.D.N.Y. Oct. 27, 2020)

(Lovric, M.J.) (recommending dismissal with prejudice, claims against defendant police officers

in their official capacities pursuant to Eleventh Amendment immunity), *report and

recommendation adopted by*, 2021 WL 248048 (N.D.N.Y. Jan. 26, 2021) (D'Agostino, J.);

*Jackson v. Gunsalus*, 16-CV-0647, 2016 WL 4004612, at *2 (N.D.N.Y. June 24, 2016) (Dancks,

M.J.) (same), *report and recommendation adopted by*, 2016 WL 3983635 (N.D.N.Y. July 25, 2016) (Sharpe, J.); *Miller v. Bazan*, 13-CV-0993, 2013 WL 7770160, at *4 (N.D.N.Y. Nov. 14, 2013) (Peebles, M.J.) (recommending that claims against defendant state police officers in their official capacities be dismissed with prejudice because they are precluded by the Eleventh Amendment), *report and recommendation adopted by*, 2014 WL 788834 (N.D.N.Y. Feb. 24, 2014) (Kahn, J.).

       C.     **New York Common Law Claims**

Plaintiff also attempts to assert pendent state law claims alleging that Defendants harassed him and defamed his character.  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't. of Corr. v. Schacht,* 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367(a).  Claims are part of the same case or controversy when both the state law claims and federal claims "derive from a common nucleus of operative fact."  *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004); s*ee also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).  Once a common nucleus is found, a federal court's exercise of supplemental jurisdiction, "while not automatic, is a favored and normal course of action." *Promisel v. First Am. Artificial Flowers*, 943 F.2d 251, 254 (2d Cir. 1991).

       1.     **Defamation of Character**

"Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability."  *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019).

Although Plaintiff alleges that Defendant Dean testified under oath that "Plaintiff utilized [a specific] phone in [a] drug sale . . . that [was] tied to the murder case," Plaintiff does not allege that this information was false.  (Dkt. No. 1 at 5.)  Plaintiff merely alleges that there was no proof to support Defendant Dean's statement.  (*Id.*)

As a result, I recommend that Plaintiff's defamation claim be dismissed for failure to state a claim.[6]  *See Bey ex rel. Dickerson v. Kelly*, 20-CV-2399, 2020 WL 3414612, at *3 (E.D.N.Y. June 22, 2020) (dismissing the plaintiff's defamation claim where he failed to allege facts in support of the five elements of defamation).

### 2.    Harassment

I recommend that Plaintiff's claim for harassment be dismissed because "New York does not recognize a common law cause of action for . . . harassment."  *Harris v. Summers*, 14-CV-0013, 2014 WL 1340032, at *5 (N.D.N.Y. Apr. 3, 2014) (Kahn, J.) (citing *Rivers v. Towers, Perrin, Forster & Crosby, Inc.*, 07-CV-5441, 2009 WL 817852, at *11 (E.D.N.Y. Mar. 27, 2009) ("Plaintiff's claim for harassment is dismissed because New York does not recognize a common law cause of action for harassment.")); *see Sonnick v. Budlong*, 20-CV-0410, 2020 WL 2999109, at *9, n.11 (N.D.N.Y. June 4, 2020) (Lovric, M.J.) ("New York does not recognize private causes of action for stalking, harassment, or trespass."), *report and recommendation adopted by*,

---

[6]    The Court also notes that Plaintiff's defamation claim may be time-barred.  The statute of limitations for defamation claims under New York law is one year.  N.Y. C.P.L.R. § 215(3).  The Complaint does not allege when Defendant Dean allegedly testified, however, Plaintiff alleges that he was arrested on August 28, 2019, and this action was filed on October 13, 2020.  (*See generally* Dkt. No. 1.)

Moreover, Defendants may be immune from suit.  *Pinkard v. Crowley*, 18-CV-6122, 2018 WL 6803767, at *4 (W.D.N.Y. Dec. 26, 2018) (dismissing claims against the investigator defendants because they were "absolutely immune from damages liability for making false or defamatory statements in judicial proceedings.").

2020 WL 4345004 (N.D.N.Y. July 29, 2020) (McAvoy, J.); *but see Poulos v. City of New York*,

14-CV-3023, 2016 WL 224135, at \*3 (S.D.N.Y. Jan. 19, 2016) (collecting cases) (New York

courts "are divided as to whether New York law recognizes harassment as an independent tort.").

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se*

litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704-05

(2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem

with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."

*Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding

L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact

sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated

differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is

not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at \*1

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

Here, I am unable to conclude with complete certainty that if permitted leave to amend

his Complaint, Plaintiff could not assert a plausible (1) due process claim pursuant to the

---

[7]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015)
(Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171
F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can
rule out any possibility, however unlikely it might be, that an amended complaint would be
successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Fourteenth Amendment and 42 U.S.C. § 1983 against Defendants in their individual capacities,

(2) fabrication of evidence claim pursuant to 42 U.S.C. § 1983 against Defendants in their

individual capacities, or (3) New York state law claim of defamation against Defendants in their

individual capacities.  Accordingly, I recommend that leave to amend be granted.  *Roberties v.*

*Huff*, 11-CV-0521, 2012 WL 1113479, at \*4 (W.D.N.Y. Mar. 30, 2012).

However, I recommend that any claims against Defendants in their official capacities be

dismissed with prejudice and without leave to amend.  *See Giles*, 2020 WL 6287459, at \*11

(recommending dismissal with prejudice, claims for monetary damages against the defendant

police officers in their official capacities based on Eleventh Amendment immunity); *Wrobleski v.*

*Miller*, 19-CV-0876, 2019 WL 6496723, at \*9 (N.D.N.Y. Dec. 2, 2019) (Lovric, M.J.)

(recommending dismissal with prejudice and without leave to amend, claims against officers in

their official capacities pursuant to the doctrine of immunity pursuant to the Eleventh

Amendment), *report and recommendation adopted in part and rejected in part on other grounds*

*by*, 2020 WL 219221 (N.D.N.Y. Jan. 15, 2020) (Sharpe, J.); *Jackson*, 2016 WL 4004612, at \*2

(dismissing with prejudice and without leave to amend, claims against police officers in their

official capacities based on the doctrine of immunity pursuant to the Eleventh Amendment).

In addition, I recommend that Plaintiff's harassment claim against Defendants pursuant to

the New York state common law be dismissed with prejudice because New York does not

recognize a claim for harassment.  *See Harris*, 2014 WL 1340032, at \*6 (dismissing with

prejudice, the plaintiff's harassment claim because it is not cognizable under state law).

If Plaintiff chooses to file an amended complaint, he should note that the law in this

circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient

unless they contain some specific allegations of fact indicating a deprivation of rights, instead of

a litany of general conclusions that shock but have no meaning.'"  *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of any named Defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

ACCORDINGLY, it is

ORDERED that Plaintiff's amended IFP application (Dkt. No. 5) is GRANTED; and it is further

ORDERED that the Clerk of the Court (1) provide the Superintendent of the facility that Plaintiff has designated as his current location with a copy of Plaintiff's inmate authorization form (Dkt. No. 3) and notify that official that Plaintiff has filed this action and is required to pay the Northern District of New York the entire statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and (2) provide a copy of Plaintiff's inmate authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further respectfully

**RECOMMENDED** that Plaintiff's claims of (1) false arrest, and (2) malicious prosecution, against Defendants in their individual capacities, **PROCEED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD** Plaintiff's claims (1) that his due process rights were violated, (2) for fabrication of evidence, and (3) for defamation, against Defendants in their individual capacities, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1), to the extent that it alleges claims (1) for damages against Defendants in their official capacities, and (2) of harassment against Defendants pursuant to New York state common law, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and 28 U.S.C. 1915A(a) because it seeks monetary relief against Defendants who are immune from such relief; and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[8]  Such objections shall be filed with the

---

[8]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: February _26_, 2021
       Binghamton, New York


_____
Miroslav Lovric
U.S. Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day
that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).