UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAHMIER A. EVERETT,

Plaintiff,

v. 3:20-CV-1260 (GTS/ML)

SHAWN DEAN, #3223, Investigator, New York State Police; and RONALD LUSSI, #2982, Supervisory Investigator, New York State Police,

Defendants.

---

APPEARANCES: OF COUNSEL:

JAHMIER A. EVERETT
Plaintiff, *Pro Se*
Broome County Correctional Facility
155 Lt. Van Winkle Drive
P.O. Box 2047
Binghamton, New York 13902-2047

MIROSLAV LOVRIC, United States Magistrate Judge

**REPORT-RECOMMENDATION**

The Clerk has sent this *pro se* Amended Complaint filed by Jahmier A. Everett ("Plaintiff") against Shawn Dean and Ronald Lussi (collectively "Defendants"), who are employees of the New York State Police, to the Court for review. (Dkt. No. 9.) For the reasons discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 9) be (1) accepted in part for filing, and (2) dismissed in part (a) without prejudice and with leave to amend, and (b) with prejudice and without leave to amend.

## I. BACKGROUND

On October 13, 2020, Plaintiff commenced an action by filing a verified Complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) On October 15, 2020, Senior United States District Judge Frederick J. Scullin, Jr. denied Plaintiff's *in forma pauperis* application as incomplete and administratively closed the case. (Dkt. No. 4.) On October 29, 2020, Plaintiff filed an amended *in forma pauperis* application. (Dkt. No. 5.) As a result, on October 29, 2020, the case was reopened and restored to the Court's active docket and referred to me. (Dkt. No. 6.)

On February 26, 2021, I issued an Order and Report-Recommendation to Judge Scullin granting Plaintiff's motion to proceed *in forma pauperis* and recommended (1) allowing to proceed the false arrest in violation of the Fourth Amendment and malicious prosecution claims against Defendants in their individual capacities, (2) dismissing without prejudice the (a) due process claim pursuant to the Fourteenth Amendment and against Defendants in their individual capacities, (b) fabrication of evidence claim against Defendants in their individual capacities, and (c) defamation claim pursuant to New York state law against Defendants in their individual capacities, and (3) dismissing with prejudice claims against Defendants in their official capacities and for harassment pursuant to New York state common law.[1] (Dkt. No. 7.) On

---

[1] Plaintiff cited to the Sixth Amendment in support of his claim (Dkt. No. 1 at 6); however, Plaintiff did not appear to assert any allegations that support a claim pursuant to the Sixth Amendment, which provides for, *inter alia*, the right to a speedy trial, to be informed of the charges, to confront witnesses, and to have assistance of counsel. The crux of Plaintiff's claim appeared to be that he was confined for approximately six and one-half months without probable cause. (Dkt. No. 1.)

Plaintiff also cited to false arrest under the Fourteenth Amendment. (Dkt. No. 1 at 6.) "The Fourth Amendment is the constitutional source of protection against both false arrest and malicious prosecution." *Edmond v. Reed*, 20-CV-1609, 2021 WL 82147, at *3 (N.D.N.Y. Jan. 11, 2021) (Baxter, M.J.) (citing *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005)).

March 30, 2021, Judge Scullin[2] adopted the Order and Report-Recommendation in its entirety. (Dtk. No. 10.)

On March 22, 2021, Plaintiff filed this Amended Complaint. (Dkt. No. 9.)

## II. ALLEGATIONS OF THE AMENDED COMPLAINT

Construed as liberally[3] as possible, Plaintiff's Amended Complaint (much like his original Complaint) alleges that Defendants violated his civil rights. (*Compare* Dkt. No. 1, *with* Dkt. No. 9.) Several pages of the Amended Complaint appear to be the same or substantially similar to portions of the Complaint that Plaintiff has filed. (*Id.*)

Where this Amended Complaint is similar to the original Complaint, Plaintiff, again alleges on August 28, 2019, he was arrested and charged by Defendants with criminal sale of a controlled substance ("CSCS") in the third degree under New York Penal Law § 220.39(1), without a warrant or probable cause. (*Compare* Dkt. No. 1, *with* Dkt. No. 9.) Plaintiff again alleges that the only "evidence allegedly tying [him] to this drug sale was a telephone call with a confidential informant[, who] allegedly stat[ed that P]laintiff was the person spoken to and whom the drugs w[ere] purchased from." (*Id.*) Plaintiff again alleges that on March 19, 2020, the CSCS charge was dismissed on a motion made by the prosecutor because there was insufficient evidence against him. (*Id.*) Plaintiff again alleges that he was "falsely arrested and unlawfully imprisoned [based on] a false drug sale that never occurred, only to further investigate a murder case allegedly tied to the [P]laintiff and co-conspirators. Plaintiff is

---

2 This case was reassigned to Chief District Judge Glenn T. Suddaby on March 31, 2021. (Dkt. No. 11.)

3 The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 [2d Cir. 1994]).

currently awaiting trial on this murder case." (*Id*. at 4-5.) Plaintiff again alleges that he was incarcerated for approximately six and one-half months while Defendants attempted to connect him to a specific telephone number that was associated with a homicide in Tioga County, New York. (*Id*.) Plaintiff again alleges that "without legal or lawful grounds for the arrest the [D]efendants . . . falsely charged and unlawfully imprisoned [P]laintiff, to help buy time to obtain a[n] indictment in said murder case." (*Id*.) Plaintiff again alleges that Defendant Dean "testified under oath that Plaintiff utilized said phone in drug sale allegedly, that [was] tied to the murder case of which there is no proof." (*Id*.)

Where the Amended Complaint differs from the original Complaint, the Amended Complaint alleges that Defendant Dean testified to "false and fabricated events in the grand jury for murder case . . ." (Dkt. No. 9 at 5.) Plaintiff also alleges that Defendant "Dean testified to 3rd party hearsay from a non[-]existent informant . . . " (*Id*. at 6.)

Plaintiff alleges that Defendant "Lussi assist[ed] in [his] apprehension and arrest," and he "signed off on these illegal acts knowingly in full support of it. Failing to step in and remedy a situation that was clearly against protocol and training policy showing extreme negligence in managing subordinates and also actin[g] in[c]orrect." (*Id*.)

Plaintiff alleges that he "has suffered loss of wages[,] mental anguish[,] humiliation[,] anxiety[,] and has been displaced from his children and loved ones . . ." due to the actions of Defendants. (*Id*.)

As supporting documents, Plaintiff submits (1) a felony complaint issued by Defendant Dean, (2) a letter from Binghamton City Court stating that his CSCS drug charge was "Dismissed" on March 19, 2020, (3) an e-mail from Broome County Assistant District Attorney Anthony J. Frank stating that Plaintiff has been dismissed of "charges of CSCS3rd, Docket No.

CR-005037-19.", (4) a supporting deposition statement, (5) a form showing his arraignment date of August 19, 2019, at 8:00 a.m., (6) a sealed May 2019 evidence report of a witness taken by Defendant Dean, and (7) an e-mail from an investigator advising Plaintiff of missing records that were not provided during discovery. (*Id*. at 8-19.)

Based on these factual allegations, in addition to the repeated allegations in the original Complaint,[4] the Amended Complaint appears to assert the following three new claims: (1) a claim that Defendants fabricated evidence in violation of the Fourth Amendment and 42 U.S.C. § 1983; (2) a claim against Defendant Lussi under respondeat superior and supervisory liability, (3) a claim that Defendant Dean defamed Plaintiff in violation of New York state common law. (*See generally* Dkt. No. 9.)

As relief, Plaintiff seeks compensatory damages in the amount of $5,000,000.00[5] and punitive damages to the amount of $5,000,000.00. (*Id*. at 3.)

For a more complete statement of Plaintiff's claims, refer to the Amended Complaint. (Dkt. No. 9.)

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a government entity"

---

4 The Amended Complaint, similar to the original Complaint, repeats the following five claims: (1) a claim that Plaintiff was falsely arrested or unlawfully imprisoned in violation of the Fourth, Sixth, and Fourteenth Amendments and 42 U.S.C. § 1983; (2) a claim that Plaintiff was maliciously prosecuted in violation of the Fourth Amendment and 42 U.S.C. § 1983; (3) a claim that Defendants fabricated evidence in violation of the Fourth Amendment and 42 U.S.C. § 1983; (4) a claim that Plaintiff's due process rights were violated, pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; and (5) a claim that Defendants harassed and defamed Plaintiff in violation of New York state common law. (See generally Dkt. Nos. 1, 9.)

5 In the original Complaint, Plaintiff was seeking $1,000,000.00 in compensatory damages. (Dkt. No. 1.)

and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curium) (noting that Section 1915A applies to all actions brought by prisoners against governmental officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, a court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands

more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

**IV. ANALYSIS**

To the extent that Plaintiff repeats his allegations from the original Complaint (*compare* Dkt. No. 1, *with* Dkt. No. 9), I find no basis to depart from my previous recommendations regarding those claims, and I adopt my previous reasoning (*See* Dkt. Nos. 7, 10). More specifically, I find my previous reasoning applies, without a change in position, in regards to (1) allowing to proceed claims against Defendants in their individual capacities for false arrest in violation of the Fourth Amendment and for malicious prosecution, and (2) dismissing with prejudice claims against Defendants in their official capacities and for harassment pursuant to New York state common law. (*See generally* Dkt. No. 7.) However, I now recommend that the Court dismiss *with prejudice*, as opposed to without prejudice, Plaintiff's claims of (1) due process against Defendants in their individual capacities and (2) fabrication of evidence against Defendant Lussi in his individual capacity. (*Id.*)

In addition, to the extent the amended complaint makes new allegations, in addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that a response be required to Plaintiff's claims of fabrication of evidence against Defendant Dean but dismissed with prejudice against Defendant Lussi. I recommend that Plaintiff's claims of respondeat superior be dismissed with prejudice and supervisory liability be

dismissed with leave to amend. In addition, I recommend that a response be required to Plaintiff's claims of defamation against Defendant Dean.

**A. Fabrication of Evidence**

"When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. New York City Transit Auth.*, 124 F.3d 123, 130 (2d Cir.1997) (citing *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569 (2d Cir.1996)). To succeed on a § 1983 claim alleging a violation of the fair trial right, a plaintiff must prove that "an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of life, liberty, or property as a result." *Aguirre v. City of New York*, 15-CV-6043, 2017 WL 4236552, at *10 (E.D.N.Y. Sept. 22, 2017) (brackets omitted) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)).

Here, as to Defendant Dean, out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's fabrication of evidence claim against Defendant Dean in his individual capacity. As to Defendant Lussi, however, Plaintiff repeats his previous allegations and has not alleged that Defendant Lussi fabricated any information that was used in the prosecution of the CSCS charge. (*See generally* Dkt. No. 9.) As a result, I recommend that

Plaintiff's fabrication of evidence claim against Defendant Lussi be dismissed for failure to state a claim.

**B. Respondeat Superior and Supervisory Liability**

"Where a defendant is a supervisory official, a mere 'linkage' to the unlawful conduct through the 'chain of command' (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct." *Banks v. Annucci*, 48 F. Supp. 3d 394, 417 (N.D.N.Y. 2014) (Hurd, J.); *see also Williams v. Smith,* 781 F.2d 319, 323-24 (2d Cir. 1986) (holding a position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement); *see, e.g., Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981); *Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir. 2003). "[I]t is well-settled that there is no liability under section 1983 on the basis of respondeat superior." *Creach v. Doe*, 12-CV-0199, 2020 WL 4721434, at *6 (N.D.N.Y. June 16, 2020) (Hummel, M.J.), *report and recommendation adopted*, 2020 WL 4698507 (N.D.N.Y. Aug. 12, 2020) (Hurd, J.); *see, e.g.*, *Richardson*, 347 F.3d at 435.

In addition, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (citing *Al-Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir. 1989)); *e.g.*, *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006). In other words, supervisory officials may not be held liable merely because they held a position of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order

to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[D]irect participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (internal quotation marks omitted). "To be sufficient before the law, a complaint must state precisely who did what and how such behavior is actionable under law." *Hendrickson v. U.S. Attorney Gen.*, 91-CV-8135, 1994 WL 23069, at *3 (S.D.N.Y. Jan. 24, 1994).

Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the alleged constitutional violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams*, 781 F.2d at 323-24).

In a recent case, *Tangreti v. Bachmann*, the Second Circuit addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability. *Id.*, 2020 WL 7687688 (2d Cir. 2020). In *Tangreti*, the plaintiff was sexually abused by correctional officers at York Correctional Institute in 2014 and argued that the defendant, a counselor supervisor, violated the Eighth Amendment by exhibiting deliberate indifference to the risk of sexual abuse by the officers. *Id*. at *2, 3. Consistent with other circuits, the court concluded that "there is no special rule for supervisory liability" and held that a "plaintiff must

plead and prove 'that each Government-official defendant, through the official's own individual actions, had violated the Constitution.'" *Id*. at *6. Therefore, to avoid summary judgment, the plaintiff had to establish that the defendant violated the Eighth Amendment by her "own conduct, not by reason of [her] supervision of others who committed the violation" and could not "rely on a separate test of liability specific to supervisors." *Id*.

District courts discussing *Tangreti* agree that the decision invalidated the *Colon* test and mandates that a plaintiff must establish a violation against the supervisory official directly. *Atkinson v. Okocha*, 20-CV-4497, 2021 WL 40258 (E.D.N.Y. Jan. 5, 2021); *see also Cook v. Dubois*, 19-CV-8317, 2021 WL 91293, at *4 (S.D.N.Y. Jan. 11, 2021); *Rodriguez v. McCormick*, 20-CV-01019, 2021 WL 83503, at *4 (D. Conn. Jan. 11, 2021).

Here, Plaintiff's respondeat superior claims against Defendant Lussi fail because Plaintiff is making claims under § 1983. *See Creach*, 2020 WL 4721434, at *6 (holding "there is no respondeat superior liability under § 1983"); *Richardson*, 347 F.3d at 435 (holding "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior.").

In addition, as noted, above, *Tangreti* makes it clear that, to establish a constitutional violation against a supervisor, the plaintiff "must plead and prove that [the supervisor-]defendant, through [his] own individual actions, has violated the constitution." *Tangreti*, 2020 WL 7687688, at *6 (internal quotation marks omitted). In light of *Tangreti*, Plaintiff's attempt to plead personal involvement based upon "assist[ing] in [Plaintiff's] apprehension and arrest" as well as "sign[ing] off on these illegal acts," lacks merit because the Amended Complaint does not plausibly allege "[t]he factors necessary to establish" a link between a constitutional violation and acts that Defendant Lussi participated in directly. *Id*.; Dkt. No. 9 at 5; *see Bagley*

*v. Miller*, 20-CV-0683, 2021 WL 1759785, at *2 (N.D.N.Y. Apr. 8, 2021) (Stewart, M.J.) (recommending dismissal under *Tangreti* for "fail[ing] to specifically articulate [the defendant's] personal involvement in the alleged constitutional violations" . . .), *report and recommendation adopted*, 20-CV-0683, 2021 WL 1758892 (N.D.N.Y. May 4, 2021) (Sannes, J.); *Montes v. O'Shea*, 21-CV-0303, 2021 WL 1759853, at *9 (N.D.N.Y. Apr. 6, 2021) (Baxter, M.J.) (recommending dismissal under *Tangreti* because the complaint was "devoid of any facts explaining how [the defendant], or anyone in the [defendant's o]ffice, was involved in [the] plaintiff's criminal action."), *report and recommendation adopted*, 21-CV-0303, 2021 WL 1758858 (N.D.N.Y. May 4, 2021) (Hurd, J.).

Therefore, I recommend that Plaintiff's claims of respondeat superior and supervisory liability against Defendant Lussi in his individual capacity be dismissed. *See Linares v. Mahunik,* 05-CV-0625, 2006 WL 2595200, at *11 (N.D.N.Y. Sept. 11, 2006) (Sharpe, J.) (holding the plaintiff could not "sustain a supervisory liability claim as there was no wrong for [supervisor-defendant] to remedy since there [was] no constitutional violation").

**C. Defamation of Character**

Plaintiff also attempts to assert pendent state law claims alleging that Defendant Dean defamed him. "Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Additionally, "federal courts [may] hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't. of Corr. v. Schacht,* 524 U.S. 381, 387 (1998); 28 U.S.C. §

1367(a). Claims are part of the same case or controversy when both the state law claims and federal claims "derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004); s*ee also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). Once a common nucleus is found, a federal court's exercise of supplemental jurisdiction, "while not automatic, is a favored and normal course of action." *Promisel v. First Am. Artificial Flowers*, 943 F.2d 251, 254 (2d Cir. 1991).

Out of an abundance of caution, mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff*, 537 F.3d at 191, and without expressing an opinion as to whether Plaintiff can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's defamation of character claim against Defendant Dean in his individual capacity.

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[6]

Here, Plaintiff has already been afforded one opportunity to submit an amended complaint. (Dkt. No. 10.) While he has availed himself of that opportunity, the claims asserted are still subject to dismissal at this early juncture. Plaintiff has repeated his earlier allegations against Defendants from his original Complaint. Since Plaintiff has already been granted leave to amend, and he has failed to be more specific in his allegations of a deprivation of rights, I recommend that Plaintiff's claims be dismissed without leave to amend against Defendant Lussi for fabrication of evidence and against Defendants in their individual capacities for monetary damages for due process violations under the Fourteenth Amendment and 42 U.S.C. § 1983.

In addition, I recommend that any claims against Defendant Lussi for respondeat superior against Plaintiff be dismissed with prejudice and without leave to amend because there is no respondeat superior liability under section 1983. *See, e.g., Creach*, 2020 WL 4721434, at *6; *Richardson*, 347 F.3d at 435.

Further, I am unable to conclude with complete certainty that if permitted leave to amend his Complaint, Plaintiff could not assert a plausible claim of supervisory liability against Defendant Lussi in his individual capacity. Accordingly, I recommend that leave to amend be granted. *See, e.g., Steele v. New York*, 20-CV-00220, 2021 WL 1110769, at *11 (N.D.N.Y. Mar. 23, 2021) (McAvoy) (holding that under *Tangreti* "it is possible that plaintiff could allege

---

6 *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

plausible facts demonstrating that one or both of the individual defendants had personal involvement in a due process violation, [and, therefore,] dismissal is without prejudice [as] to repleading."); *Montes*, 2021 WL 1759853, at *9 (recommending dismissal without prejudice and leave to amend the complaint to show under *Tangreti* that the defendant was personally involved in the alleged constitutional violations).

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any named Defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations. *Bass*, 790 F.2d at 263. Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Plaintiff's claims of (1) fabrication of evidence against Defendant Dean in his individual capacity, (2) defamation against Defendant Dean in his individual capacity, (3) false arrest in violation of the Fourth Amendment against Defendants, and (4) malicious prosecution claims against Defendants in their individual capacities **PROCEED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD** Plaintiff's claim of supervisory liability against Defendant Lussi in his individual capacity, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 9), to the extent that it alleges claims for (1) respondent superior against Defendant Lussi, (2) due process violations against Defendants, (3) fabrication of evidence against Defendant Lussi, (4) all claims against Defendants in their official capacities, and (5) harassment pursuant to New York state common law against Defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: June 2, 2021
Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

[7] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).